UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CORY STOKES, ET AL.                               CIVIL ACTION

VERSUS                                            NO. 20-572-SDD-RLB

LLOYD MCBRIDE, ET AL.

### ORDER

Before the Court is Sentinel Insurance Company's Renewed Motion for Leave to File Petition for Intervention filed on May 7, 2021. (R. Doc. 23). The deadline for filing an opposition has not expired. LR 7(f).

The basis for the Court's subject matter in this action is diversity jurisdiction under 28 U.S.C. § 1332. (R. Docs. 1, 8).

Cory Stokes and Jeremy Pharms (collectively, "Plaintiffs") allege that they were injured in an automobile accident while acting in the course and scope of their employment with Greyco Personnel Services, LLC. Plaintiffs named as defendants Lloyd McBride, The Hartford Financial Services Group, Inc. (Greyco Personnel Services, LLC's automobile liability insurer), and State Farm Mutual Automobile Insurance Company (Mr. McBride's automobile liability insurer). In pertinent part, Plaintiff alleges that The Hartford Financial Services Group, Inc. is incorporated in Delaware and its principal place of business is located at One Hartford Plaza, Harford, Connecticut, 06155. (R. Doc. 8 at 2).

On April 9, 2011, Sentinel Insurance Company ("Sentinel") filed its first motion to intervene in this action "as subrogee of Greyco Personnel Services, LLC . . . for the purpose of recovering workers' compensation benefits it has paid and/or will be called upon to pay to and/or on behalf of Plaintiffs, Cory Stokes and Jeremy Pharms, pursuant to the Louisiana Workers'

Compensation Act." (R. Doc. 19 at 1). Sentinel alleged in its proposed pleading that it has "paid medical and indemnity benefits to and/or on behalf of Cory Stokes ($54,895.25) and Jeremy Pharms ($18,627.08)" for a total of $73,522.33. (R. Doc. 19-2 at 2). Sentinel also alleged that it has a statutory right under the Louisiana Workers' Compensation law "to be reimbursed, by preference and priority, out of the proceeds of any settlement or judgment which may be reached or rendered in these proceedings in favor of plaintiffs, for any indemnity and medical benefits paid to and/or on behalf of Cory Stokes and Jeremy Pharms." (R. Doc. 19-2 at 4).

The Court denied Sentinel's first motion to intervene. (R. Doc. 20). After finding that Sentinel would be properly aligned as a plaintiff in this action,[1] the Court concluded that Sentinel did not provide sufficient information to determine whether its claims in intervention independently support diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 . . . the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of

---

[1] Rule 24 of the Federal Rules of Civil Procedure governs intervention in this action. Sentinel does not identify whether it is seeking intervention of right under Rule 24(a) or permissive intervention under Rule 24(b). Regardless, "district courts in this circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors." *Grizer v. CF Indus., Inc.*, No. 16-145, 2017 WL 2608860, at *4 (M.D. La. May 26, 2017), *report and recommendation adopted*, 2017 WL 2604257 (M.D. La. June 15, 2017) (citing cases); *see* La. R.S. 23:1102(A)(1). Furthermore, given that Sentinel is seeking to recover workers' compensation payments paid to Plaintiffs, it is proper to align Sentinel in this action with Plaintiffs. *Grizer*, 2017 WL 2608860, at *5 (aligning workers' compensation insurer seeking recovery of paid benefits with the plaintiff); *see Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM [which alleged itself to be self-insured for workers' compensation liabilities] no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word. The difference here is that the injured employee filed his own suit, thus relegating GM to the status of putative intervenor.").

section 1332."); *see also Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010) (instructing district court to dismiss a petition of intervention filed by a non-diverse party aligned as a plaintiff and explaining that "while Congress codified the concepts of pendent and ancillary jurisdiction in § 1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors.").

In denying the first motion to intervene, the Court specifically ordered Sentinel "to the extent it again seeks to intervene in this action, to address whether its claims as a plaintiff-intervenor independently satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332." (R. Doc. 20 at 3)

On May 6, 2021, Sentinel filed its second motion to intervene, which did not specifically address whether the addition of Sentinel as a plaintiff-intervenor would destroy diversity jurisdiction. (R. Doc. 21). The proposed pleading alleged that the amount sought in recovery had risen to $75,758.60, but did not identify Sentinel's citizenship. (R. Doc. 21-1). The Court denied this second motion to intervene, again informing Sentinel that any renewed motion to intervene must provide a proposed pleading identifying Sentinel's citizenship, namely its state of incorporation and principal place of business. (R. Doc. 22).

On May 7, 2021, Sentinel filed the instant motion, its third motion to intervene. (R. Doc. 23). This time, in asserting that the Court may properly exercise diversity jurisdiction if it is allowed to intervene as a plaintiff, Sentinel specifically states that it is "incorporated in the State of Connecticut with its principal place of business located at One Hartford Plaza, Hartford, Connecticut, 06155." (R. Doc. 23-1 at 1).

It is unclear how the Court can continue to exercise diversity jurisdiction in this action if Sentinel is allowed to intervene as a plaintiff.  Sentinel shares the same principal place of

3

business as the defendant The Hartford Financial Services Group, Inc., which appears to be Sentinel's parent company.[2]

Based on the foregoing,

**IT IS ORDERED** that Sentinel shall file a brief, within **7 days** of the date of this Order, specifically addressing whether its addition as an intervenor in this action would allow the Court to continue exercising diversity jurisdiction in this action or require dismissal of this matter as federal court would no longer have jurisdiction.

**IT IS FURTHER ORDERED** that the current Plaintiffs and Defendants shall file briefs, within **14 days** of the date of this Order, indicating their positions with respect to the instant motion to intervene and its effect on this court's continued jurisdiction.

Signed in Baton Rouge, Louisiana, on May 13, 2021.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] Counsel for Sentinel and The Hartford Financial Services Group, Inc. work for the same law firm identified as "The Law Offices of Julie E. Vaicius – Employees of a Subsidiary of The Hartford Financial Services."