UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CORY STOKES, ET AL.**                                                            **CIVIL ACTION**

**VERSUS**                                                                          **NO. 20-572-SDD-RLB**

**LLOYD MCBRIDE, ET AL.**

**ORDER**

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Compel Discovery filed on filed on August 24, 2021. (R. Doc. 31).

Under Local Rule 7(f), the deadline to file an opposition to the instant Motion to Compel was twenty-one days after service of the motion, or September 14, 2021. In light of the impact of Hurricane Ida, however, all deadlines commencing from August 26, 2021 were suspended for 30 days from that date. *See* General Order No. 2021-7 (M.D. La. Sept. 2, 2021). The last day of the suspension fell on September 25, 2021, a Saturday. Accordingly, all deadlines were suspended until the following Monday, September 27, 2021. *See* Fed. R. Civ. P. 6(a). No opposition has been filed as of the date of this Order. Given the foregoing, the instant Motion to Compel is unopposed.

State Farm served separate Interrogatories and Requests for Production of Documents on Cory Stokes and Jeremy Pharms (collectively, "Plaintiffs") on April 12, 2021. (R. Doc. 31-3 at 1-25). Plaintiffs had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

On July 6, 2021, State Farm requested a discovery conference with Plaintiffs with respect to their outstanding discovery responses. (R. Doc. 31-3 at 26). On July 13, 2021, the parties held a discovery conference wherein Plaintiffs agreed to provide discovery responses by July 20, 2021. (R. Doc. 31-3 at 27).

State Farm represents that it received responses from Plaintiff Jeremy Pharms on August 4, 2021, but did not receive any responses from Plaintiff Cory Stokes. (R. Doc. 31 at 1). State Farm now seeks an order compelling Plaintiff Cory Stokes to provide discovery responses and for the Court to award costs and attorney's fees incurred by Defendant. (R. Doc. 31 at 1-2).

As Plaintiff Cory Stokes did not make any timely objections to State Farm's written discovery requests, the Court finds that Plaintiff Cory Stokes has waived his objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff Cory Stokes to provide responses to State Farm's Interrogatories and Requests for Production of Documents (R. Doc. 31-3 at 14-25) without any objections other than those pertaining to any applicable privileges or immunities.

Given the record, including Plaintiff Cory Stokes's failure to file any opposition, the Court will also award State Farm the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that State Farm Mutual Automobile Insurance Company's Motion to Compel Discovery (R. Doc. 31) is **GRANTED**. Plaintiff Cory Stokes must provide responses to State Farm's Interrogatories and Requests for Production of Documents (R. Doc. 31-3 at 14-25),

without any objections other than those pertaining to any applicable privileges or immunities, **within 7 days of the date of this Order**, or as otherwise agreed upon by the parties.

    **IT IS FURTHER ORDERED** that State Farm is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion to Compel, and that Plaintiff Cory Stokes shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff Cory Stokes shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, State Farm may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff Cory Stokes shall, within 7 days of the filing of State Farm's Motion, file any opposition pertaining to the imposition of the amounts requested by State Farm.

Signed in Baton Rouge, Louisiana, on October 4, 2021.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that this was five years ago and appropriate fees may have increased over time. However, the Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.